UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES EX REL. CURTIS VAN STUYVESANT,

              Plaintiff,

      -v-

LAURA TAYLOR SWAIN; JENNIFER ROCHON; LEWIS A. KAPLAN; COLLEEN MCMAHON; LORETTA PRESKA; NAOMI REICE BUCHWALD; DEBRA FREEMAN; RUBY KRAJICK; DEBRA ANN LIVINGSTON; CATHERINE O'HAGAIN WOLF,

              Defendants.

24 Civ. 3598 (PAE)

ORDER

---

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Curtis Van Stuyvesant, who is proceeding *pro se*, brings this petition ("Petition") under the All Writs Act, 28 U.S.C. § 1651, seeking a permanent injunction, restraining order, change of venue, and recusal. He names as defendants several judges of this District and of the United States Court of Appeals for the Second Circuit, as well as the Clerks of both courts. Today, the Court granted Stuyvesant's application to proceed *in forma pauperis*. The Court dismisses the complaint as frivolous under the doctrine of judicial immunity.

I. **Applicable Legal Standards**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## II. Factual Background

Stuyvesant brings 12 claims against several judges and administrative personnel of this District and the Second Circuit. He provides the following background in his Petition:[1]

> Whether it was fraud upon the court when defendant Lewis Kaplan and Ruby Krajick made a statement of existing fact that petitioner did not file a fourth [Rule 60(b)] motion which was annexed to a 28 U.S.C. 455a. recusal, 28 U.S.C. 1404a change of venue and Federal Rule of Civil Procedure 1 requesting expeditors evidentiary hearing in re 28 U.S.C. 2254 that was material in nature, the fact was false, the defendants knew the statement was false and wanted petitioner to rely on it?
>
> Whether it was fraud upon the court when defendant Catherine O'Hagan Wolf and her minions often does not subjected petitioner's appeals before a United States Court of Appeals for the Second Circuit panel, and they would masqueraded and impersonated and forged the names of circuit judges denying a certificate of appealability?
>
> . . . .
>
> Whether what is the relation of defendants Lewis Kaplan, Colleen McMahon, Laura Swain, Jennifer Rochon, Ruby Krajick, Catherine O'Hagan Wolf fraudulent exception for undiscovered fraud? Whether the defendants violated the mail and wife fraud statutes of Plaintiff intangible right to the hones service of a government of officials.

Dkt. 1 ("Pet.") at 11–12.

---

[1] The Court quotes from the Petition verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

## III.   Discussion

### A.   Claims Against Judicial Officers

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). That is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles*, 502 U.S. at 12; *see also Bliven*, 579 F.3d at 209–10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Rather, where an appeal is available, declaratory relief also is available. *See, e.g., Davis v. Campbell*, No. 13 Civ. 0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Finally, where a plaintiff seeks injunctive relief, the plaintiff must seek to remedy a harm that is prospective. *See, e.g., Brik v. Brodie*, No. 23 Civ. 4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against the judge in

3

part because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Stuyvesant fails to allege any facts showing that the judicial officers in this District or the Second Circuit acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11–12. Because Stuyvesant appears to sue judicial officers for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Stuyvesant does not allege any facts suggesting that a declaratory decree was violated, declaratory relief was unavailable, or that an appeal is unavailable.

The Court dismisses Stuyvesant's claims against Judges Laura Taylor Swain, Jennifer Rochon, Lewis A. Kaplan, Colleen McMahon, Loretta A. Preska, Naomi Reice Buchwald, Debra Freeman, and Debra Ann Livingston because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### B. Claims Against Clerks of Court Ruby Krajick and Catherine O'Hagan Wolf

Similarly, Stuyvesant's claims against the Clerks of both courts must be dismissed as frivolous, also on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see, e.g., Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a

4

litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity). Stuyvesant's claims against Clerks of Court Ruby Krajick and Catherine O'Hagan Wolf are dismissed under the doctrine of judicial immunity, and consequently, as frivolous. *See Mills*, 645 F.3d at 177.

### C. Leave to Replead Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Stuyvesant's Petition cannot be cured with an amendment, the Court declines to grant Stuyvesant leave to amend.

### CONCLUSION

The Court dismisses Stuyvesant's claims against Laura Taylor Swain, Jennifer Rochon, Lewis A. Kaplan, Colleen McMahon, Loretta A. Preska, Naomi Reice Buchwald, Debra Freeman, Debra Ann Livingston, Ruby Krajick and Catherine O'Hagan Wolf, and denies his petition in full.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to enter judgment and close the case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 20, 2024
       New York, New York

6